```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KATHERINE KASSEL,

                Plaintiff,                 MEMORANDUM & ORDER
                                           13-CV-3756(JS)(AKT)
        -against-

UNIVERSAL FIDELITY LP,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Alan J. Sasson, Esq.
                    Yitzchak Zelman, Esq.
                    Law Office of Alan J. Sasson, P.C.
                    1669 East 12th Street
                    Brooklyn, NY 11229

                    Mark H. Rephen, Esq.
                    M. Harvey Rephen & Associate
                    708 3rd Avenue, 6th Floor
                    New York, NY 10017

For Defendant:      Aaron Twersky, Esq.
                    Twersky PLLC
                    747 Third Avenue, 32nd Floor
                    New York, NY 10017

                    Elchanan E. Engel, Esq.
                    Nathan D. Adler, Esq.
                    Neuberger, Quinn, Gielen, Rubin & Gibber
                    1 South Street, 27th Floor
                    Baltimore, MD 21202
```

SEYBERT, District Judge:

On July 7, 2013, plaintiff Katherine Kassel ("Plaintiff") commenced this putative class action against defendant Universal Fidelity LP ("Defendant") alleging that Defendant sent Plaintiff a debt collection notice that did not

comply with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Presently before the Court is Defendant's motion to dismiss or, in the alternative, for summary judgment. For the following reasons, Defendant's motion is GRANTED.

BACKGROUND[1]

Plaintiff is a resident of Staten Island, New York. (Compl. ¶ 2.) Defendant is a Texas limited partnership engaged in the business of debt collection. (Compl. ¶ 3.) Plaintiff is a "consumer" and Defendant is a "debt collector" as those terms are defined by the FDCPA. (Compl. ¶¶ 4, 5.)

Plaintiff alleges that, on or about August 3, 2012, Defendant mailed Plaintiff a "pre-printed, computer generated, mass produced 'Collection Letter.'" (Compl. ¶ 23.) Plaintiff alleges that the Collection Letter, which is not attached to the Complaint,[2] includes the heading "'VALUED CUSTOMER' in a typeface larger and different than any on the page." (Compl. ¶ 24 (emphasis in the original).) Plaintiff also alleges that "[t]he body of the letter states: 'According to our client's accounting records, you have ignored the terms of this purchase

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] Although Plaintiff states that the Collection Letter is attached to her memorandum of law in opposition to Defendant's motion, Plaintiff failed to include it with her submission.

2

agreement with them. We are somewhat surprised, since our client indicated that YOU ARE A VALUED CUSTOMER of theirs." (Compl. ¶ 24 (emphasis in the original).) Plaintiff further alleges that the Collection Letter has a pre-printed signature of "C. Hearn, Director of Payment Control." (Compl. ¶ 25.)

Plaintiff maintains that the Collection Letter violates the FDCPA, 15 U.S.C § 1692e and its preface in two ways. First, the Complaint alleges that the Collection Letter violates the FDCPA "by deceptively informing Plaintiff with regard to the creditor that 'YOU ARE A VALUED CUSTOMER of theirs,' . . . when Defendant knows this to be untrue in view of the fact that Plaintiff had one solitary transaction with the creditor and in no way can be perceived as a 'valued customer.'" (Compl. ¶ 28.) Second, the Complaint alleges that the inclusion of a pre-printed signature of "C. Hearn" "mislead[s] the consumer into believing that their [sic] particular file was reviewed by Ms. or Mr. C. Hearn who discussed it with the creditor who in turn described the consumer as 'a valued customer,' causing Ms. or Mr. Hearn to be 'somewhat surprised' to learn this." (Compl. ¶ 28.) Defendant now moves to dismiss, or in the alternative, for summary judgment.

3

DISCUSSION

The Court will first set forth the legal standard on a Rule 12(b)(6) motion to dismiss before turning to Defendant's motion more specifically.

I. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

The Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any

4

document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II.  Defendant's Motion

Plaintiff brings her claim pursuant to the FDCPA, which Congress enacted in 1977 "'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'"  Arroyo v. Solomon & Solomon, P.C., No. 99-CV-8302, 2001 WL 1590520, at *4 (E.D.N.Y. Nov. 16, 2001) (quoting S. Rep., No. 95-382, at 12 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696).  To that end, the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e; see also id. § 1692e(10) (including as a violation of the FDCPA, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer").

To determine whether a debt collector has violated Section 1692e, courts use "an objective standard, measured by

5

how the 'least sophisticated consumer' would interpret the notice [received from the debt collector]." Soffer v. Nationwide Recovery Sys., Inc., No. 06-CV-0435, 2007 WL 1175073, at *3 (E.D.N.Y. Apr. 19, 2007) (citing Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996); Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)). The Second Circuit has described the "least sophisticated consumer" standard as "an objective analysis that seeks to protect the naive from abusive practices while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." Greco, 412 F.3d at 363 (2d Cir. 2005) (internal quotation marks and citations omitted).

Although the Second Circuit has yet to definitively rule on the issue, other circuits and district courts within this Circuit have "held that the least-sophisticated-consumer standard also encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA." Walsh v. Law Offices of Howard Lee Schiff, P.C., No. 11-CV-1111, 2012 WL 4372251, at *3 (D. Conn. Sept. 24, 2012) (emphasis in original) (collecting cases); accord Sussman v. I.C. Sys., Inc., 928 F. Supp. 2d 784, 795 (S.D.N.Y. 2013) (collecting cases); see Lane v. Fein, Such &

6

Crane, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011) (collecting cases); see also Gabriele v. Am. Home Mortg. Servicing, Inc., 503 F. App'x 89, 94 (2d Cir. 2012) ("Although '[i]t is clear that Congress painted with a broad brush in the FDCPA [,]' not every technically false representation by a debt collector amounts to a violation of the FDCPA." (quoting Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989) (alterations in original))). "Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt." Klein v. Solomon & Solomon, P.C., No. 10-CV-1800, 2011 WL 5354250, at *2 (D. Conn. Oct. 28, 2011).

Applying the "least sophisticated consumer" standard here, the Court finds that Plaintiff fails to state a claim under 15 U.S.C. § 1692e. As noted above, Plaintiff finds the Collection Letter's reference to her as a "valued customer" of the creditor deceptive because "Plaintiff had one solitary transaction with the creditor and in no way can be perceived as a 'valued customer.'" (Compl. ¶ 28.) Even if it is true that Plaintiff only engaged in one transaction with the creditor, the Court fails to see how the term "valued customer" violates § 1692e, as it is simply a comment regarding the creditor's perception of Plaintiff. See Turner v. Asset Acceptance, LLC, 302 F. Supp. 2d 56, 58 (E.D.N.Y. 2004) ("[W]hile Congress

7

enacted the FDPCA in order to address many odious practices used by the debt collection industry, friendliness was not one of those odious practices.").

The Complaint next alleges that the inclusion of the pre-printed signature of "C. Hearn" "mislead[s] the consumer into believing that their [sic] particular file was reviewed by Ms. or Mr. Hearn who discussed it with the creditor who in turn described the consumer as 'a valued customer,' causing Ms. or Mr. Hearn to be 'somewhat surprised' to learn this." (Compl. ¶ 28.) The Court finds that this allegation is nothing more than a "bizarre or idiosyncratic interpretation[] of [a] debt collection letter[]", Greco, 412 F.3d at 363 (internal quotation marks and citation omitted), and fails to see how this statement would "affect a consumer's ability to make intelligent decisions concerning an alleged debt." See Walsh, 2012 WL 4372251, at *4 (internal quotation marks and citation omitted)).

Finally, citing the Eleventh Circuit's decision in Jeter v. Credit Bureau, 760 F.2d 1168, 1178-79 (11th Cir. 1985), Plaintiff also argues that "the decision of whether the Defendant made false or misleading statements in its letter is beyond the purview of this Court" because "[w]hether a debt collector's conduct violates the FDCPA is ordinarily a question for the jury." (Pl.'s Opp. Br., Docket Entry 21, at 4.) The Court disagrees.

8

In Jeter, the Eleventh Circuit addressed an alleged violation of 15 U.S.C. § 1692d, which prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Here, the question before the Court is whether Defendant's Collection Letter is "false, deceptive, or misleading" under 15 U.S.C. § 1692e, which is an issue of law that may be determined by the Court. See Berger v. Suburban Credit Corp., No. 04-CV-4006, 2006 WL 2570915, at *3 (E.D.N.Y. Sept. 5, 2006) ("[T]he Second Circuit has indicated that the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law because the standard is an objective one." (citing Schweizer v. Trans Union Corp., 136 F.3d 233, 237-38 (2d Cir. 1998))). Accordingly, Defendant's motion to dismiss is GRANTED.[3]

III. Amendment

Although Plaintiff has not specifically sought to amend her Complaint, the Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so

---

[3] In reaching this conclusion, the Court did not rely on the extrinsic evidence submitted with Defendant's motion. Thus, the motion was not converted to one for summary judgment.

9

requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)). Here, the Court finds that leave to replead would be futile as Plaintiff's reading of the Collection Letter proffers an idiosyncratic interpretation of it and the alleged deceptive statements are not materially false or misleading. Accordingly, such claim is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED and the Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:　March　 3 　, 2014
　　　　　Central Islip, NY

10